## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SURELIS MOQUETE individually and o/b/o JQ, a Minor, | : | |
| | : | |
| | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | **CIVIL ACTION NO. _____** |
| v. | : | |
| | : | |
| | : | |
| THE HARRISBURG SCHOOL DISTRICT and; DAWNA KAY HOLBERT | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

### <u>VERIFIED COMPLAINT</u>

Plaintiffs by and through their undersigned attorneys, brings this Complaint against the above-named Defendants, agents, and successors in office, to safeguard their rights under State and Federal law, and in support thereof allege the following:

### PRELIMINARY STATEMENT

1. By this action Plaintiffs SURELIS MOQUETE ("PARENT") and J.Q., his minor son (sometimes referred to herein as "STUDENT") seek redress against Defendant HARRISBURG SCHOOL DISTRICT (the "DISTRICT" or the "SCHOOL") and Defendant DAWNA KAY HOLBERT ("HOLBERT"), for the actions and omissions of the District, Holbert and the District's other administration and their employees and agents, while Plaintiff was enrolled as a student. Plaintiffs aver that each of the Defendants owed a duty to Plaintiff J.Q., and that each Defendant breached that duty, and that such breaches

were the direct and proximate cause of injuries to J.Q. Plaintiffs also hereby see redress for common-law torts committed against Plaintiff J.Q., all as further described in this Complaint.

2. By this action Plaintiffs SURELIS MOQUETE ("PARENT") and J.Q., seek redress against Defendant ("HOLBERT"), for her actions and omissions while Plaintiff was enrolled as a student in the ("DISTRICT") and under the care of ("HOLBERT"). Plaintiff avers that Defendant owed a duty to Plaintiff, Defendant breached that duty, and that breach was the direct and proximate cause of injuries to Plaintiff and for common-law torts committed against Plaintiff; all as further described in this Complaint.

3. Plaintiff seeks declaratory and injunctive relief against Defendant for its acts and seeks compensatory, consequential, and punitive damages from Defendant in respect of the same.

## JURISDICTION AND VENUE

4. This Court's jurisdiction in this action is given by 42 U.S.C. § 12188, 29 U.S.C. § 794a and the general grant of federal question jurisdiction under 28 U.S.C. § 1331.

5. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to adjudicate claims arising under state law.

2

6.  Venue in this District is proper under 28 U.S.C. § 1391(b), as most, if not all, of the events giving rise to the Complaint occurred within the territorial limits of the Middle District of Pennsylvania.

## PARTIES

7.  Plaintiff Surelis Moquete ("PARENT") is the parent and natural guardian of ("J.Q."), a minor child.

8.  Plaintiff ("J.Q."), is a minor child who at all relevant times was a student enrolled in the Harrisburg School District.

9.  Defendant Harrisburg School District is a governmental entity organized for the purpose of providing K-12 educational services throughout the City of Harrisburg. Upon information and belief, Defendant ("DISTRICT'S") primary place of business is 1010 N 7th Street, Harrisburg, Pennsylvania, 17102

10. The defendant ("DISTRICT") is a "state actor" for all purposes under United States civil rights laws, including 42 U.S.C. § 1983.

11. Defendant, ("HOLBERT") was employed by Defendant ("DISTRICT") as a Kindergarten teacher at Lincoln Elementary

## STATEMENT OF FACTS

12. Defendant ("DISTRICT's") and Defendant ("HOLBERT's") mutual conduct, together with their deliberate indifference is the direct and proximate cause of the Plaintiff's harm.

3

13. On or about November 15, 2024, Plaintiff ("J.Q.") was enrolled at Lincoln Elementary School, which is operated by and under the control of the Defendant, (DISTRICT").

14. Defendant, ("HOLBERT") was employed by Defendant ("DISTRICT") as a Kindergarten teacher at Lincoln Elementary.

15. ("J.Q.") was a student in the classroom where Defendant ("HOLBERT") taught.

16. Defendant ("HOLBERT") and Plaintiff ("J.Q.") were in a teacher-student relationship where Defendant ("HOLBERT") was in a position of special trust.

17. On or about November 15, 2024, ("J.Q.") asked Defendant, ("HOLBERT") if she could use the restroom.

18. For reasons unknown, Defendant, ("HOLBERT") refused stating she wanted ("J.Q.") to sit down.

19. Defendant, ("HOLBERT") then proceeded to push Plaintiff ("J.Q.") with two hands sending Plaintiff ("J.Q.") towards the ground. While falling to the ground, Plaintiff ("J.Q.") struck a desk with her head and face resulting in lacerations.

20. The school nurse opined that the laceration was mere millimeters from ("J.Q.'s") right eye.

21. A classroom aide was present during the assault but claims to have not witnessed anything because she was doing paperwork.

4

22. The same classroom aide would then take ("J.Q.") to the school nurse. During their travel to the school nurse ("J.Q.") would disclose to the aide what occurred.

23. Upon returning to the classroom, the aide discovered Defendant, ("HOLBERT") crying. Defendant, ("HOLBERT") then told the aide that she would get fired because she, Defendant, ("HOLBERT") put her hands on a student.

24. The aide later said that she often saw Defendant ("HOLBERT") "slamming papers on the table or throwing the students' paper on the floor when returning it to the student."

25. Later, Defendant, ("HOLBERT") went to the nurses office and stated that she, Defendant, ("HOLBERT") took full responsibility for the incident.

26. The nurse described Defendant, ("HOLBERT'S")' demeanor as "frazzled, upset, feeling guilty and frustrated."

27. The principal of the school, Mr. Jason Rawls, learned about the incident from ("J.Q.") and would decide to escort ("J.Q.") to her parents after school.

28. During dismissal another child asked ("J.Q.") whether she was okay and Rawls inquired why she would ask that.

29. The child then disclosed that she witnessed Defendant, ("HOLBERT") shove ("J.Q.").

5

30. Upon information and belief, Rawls and other school/district leadership have had conversations and coachings with Defendant, ("HOLBERT") in the past regarding Defendant, ("HOLBERT"S) tone in the classroom. The existence of these conversations was made known by Rawls to law enforcement and subsequently reported by the media.[1]

31. As a result of the attack on Plaintiff ("J.Q.") suffered a laceration to the head and emotional trauma.

32. A valid notice of tort claim was submitted to Defendant Harrisburg School District and the City of Harrisburg via certified mail and was delivered on February 24, 2025 as provided by tracking information from the United States Postal Service.

33. No response was received to that notice and now Plaintiffs bring forward this litigation.

## CAUSES OF ACTION

### Count I
### Civil Rights Claim – 42 U.S.C. § 1983 – Excessive Force
***SURELIS MOQUETE individually and o/b/o JQ, a Minor v. DAWNA KAY HOLBERT, in her official and individual capacity, and HARRISBURG SCHOOL DISTRICT***

34. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

---

[1] https://www.pennlive.com/news/2025/01/harrisburg-teacher-charged-after-shoving-kindergartner-into-desk-police.html

6

35. Federal law provides that Plaintiffs may recover damages if Defendants are acting under color of law, depriving them of a right guaranteed by the Constitution. A Defendant is still considered to be acting under color of law, if they are acting under their authority, even if they exceed the confines of what is permitted under state law. *Monroe v. Pape,* 365 US 167 (1961).

36. The right at stake here is the right to be free from the use of excessive force as protected by the Fourth Amendment of the United States Constitution. While there is no specific language about excessive force in the Fourth Amendment, the Supreme Court has held that it protects all individuals in the United States from the use of excessive force in *Graham v. Connor*, 490 U.S. 386 (1989).

37. Defendant, ("HOLBERT") was an employee of Defendant Harrisburg School District ("DISTRICT"), Defendant Harrisburg School District is a "state actor" for all purposes under United States civil rights laws, including 42 U.S.C. § 1983.

38. Defendant Harrisburg School District employed Defendant ("HOLBERT") as a kindergarten teacher.

39. At all relevant times, Defendant ("HOLBERT'S") interactions with Plaintiff were as a direct result of Defendant, ("HOLBERT'S") employment and at all relevant times Defendant ("HOLBERT") was filling her teaching role.

7

40. When Defendant ("HOLBERT") denied Plaintiff, ("J.Q.") access to the restroom Defendant, ("HOLBERT") did under her authority as a classroom teacher. Therefore, Defendant Holbert was acting under color of law.

41. Plaintiff, ("J.Q.") had an indisputable constitutional right to be free from excessive force. U.S. Const. Fourth Amend. Under the Fourth Amendment Plaintiff has a right to be secure in her person and to be free from unlawful seizure. The Supreme Court has clearly established that the right to be free from excessive force is inclusive under the Fourth Amendment right to be free from unlawful search and seizure. *Graham v. Connor,* 490 U.S. 386 (1989).

42. Defendant ("HOLBERT") infringed upon that right when Defendant ("HOLBERT"), a government employee using her authority as the classroom teacher, physically assaulted (J.Q.")by shoving her with two hands, sending her towards the ground and ultimately causing her to strike her head on a table. This impact with the table caused lacerations to the head and emotional trauma. The force used far exceeded any rational basis for physically touching a student such as lawful restraint.

43. Defendant ("HOLBERT's") conduct is excessive force in violation of the Fourth Amendment thus depriving Plaintiff, ("J.Q.") of her rights while acting under color of law.

WHEREFORE, Plaintiffs now demand judgment against Defendants for all damages allowed under the law, including compensatory damages for physical and emotional

8

harm, medical expenses, costs of this action, and any other relief this Court deems just and proper.

**Count II**
**Civil Rights Claim – State Created Danger**
***SURELIS MOQUETE individually and o/b/o ("J.Q."), a Minor v.***
***HARRISBURG SCHOOL DISTRICT***

44. Plaintiffs repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth in full herein.

45. In order to establish a claim for state created danger the Plaintiffs must establish:

   a. That the Defendant, ("HOLBERT") engaged in an affirmative act;

   b. That the act created a danger the Plaintiff, ("J.Q.) would not have otherwise been exposed to;

   c. The Defendant, ("HOLBERT") acted with deliberate indifference to the risk of harm and;

   d. The state created danger must have been the proximate cause of Plaintiff ("J.Q.") injuries.

46. Here, Defendant ("DISTRICT") took an affirmative act of not only retaining Defendant ("HOLBERT") but also placed Defendant, ("HOLBERT") in a room with vulnerable children. Defendant, ("HOLBERT") had previously been counseled regarding Defendant, ("HOLBERT'S") aggressive tone in the classroom and in Defendant, ("HOLBERT'S") interactions with students.

9

47. Defendant ("DISTRICT") was aware Defendant, ("HOLBERT") was aggressive in her kindergarten classroom. Principal Rawls, the administrator charged with overseeing Defendant, ("HOLBERT"), admitted there were prior coaching sessions regarding tone and behavior in the classroom. Despite this knowledge, Defendant, ("DISTRICT") still allowed Defendant, ("HOLBERT") to remain in the classroom.

48. Principal Rawls and Defendant ("DISTRICT") failed to sufficiently follow-up to ensure the coaching sessions were effective and that they effectuated change in Defendant ("HOLBERT's") classroom demeanor.

49. ]Defendant ("DISTRICTS") actions and omissions as follows directly caused the harm to plaintiff. Specifically Defendant:

a) acted to assign Defendant ("HOLBERT") to a classroom of kindergarten students knowing of her propensity to anger and outbursts.

b) acted to assigned Defendant ("HOLBERT") to a classroom of pre-school students who are at a vulnerable age in their growth and development.

c) failed to provide sufficient remediation for Defendant ("HOLBERT") knowing of her propensity to outbursts and poor anger management.

10

d) failed to ensure sufficient follow-up in the classroom to ensure that Defendant ("HOLBERT") provided calm and appropriate instruction to all student, particularly Plaintiff ("J.Q.").

50. But for the actions and omissions of Defendant ("DISTRICT"), Plaintiff, ("J.Q.") would not have been injured.

WHEREFORE, Plaintiffs now demand judgment against Defendants for all damages allowed under the law, including compensatory damages for physical and emotional harm, medical expenses, costs of this action, and any other relief this Court deems just and proper.

### Count III
### ASSAULT
### *SURELIS MOQUETE individually and o/b/o* ("J.Q."), *a Minor v. DAWNA KAY HOLBERT*

51. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

52. On the date of November 15, 2024, the Plaintiff ("J.Q."), a minor, was lawfully present on the premises of Lincoln Elementary School, a public school operated by Defendant ("DISTRICT").

53. While Plaintiff, ("J.Q."), a small child of kindergarten age, was present in a classroom or other school setting, Defendant ("HOLBERT"), without legal justification or provocation, intentionally engaged in an act—namely, raising her hands in a threatening manner towards ("J.Q.")—that placed Plaintiff, ("J.Q.") in immediate apprehension of harmful or offensive bodily contact.

11

54. Defendant ("HOLBERT") again assaulted ("J.Q.") by placing two hands onto her body and forcibly shoving ("J.Q."), a small child of kindergarten age, which escalated ("J.Q.'s") reasonable apprehension causing her to think that she may be assaulted yet again.

55. Defendant ("HOLBERT'S") conduct was intentional and undertaken with the specific purpose of causing Plaintiff, ("J.Q.") to fear imminent harmful or offensive contact, or with knowledge that such fear was substantially certain to result. Defendant ("HOLBERT") was fully aware that Plaintiff ("J.Q.") was a child whereas Defendant ("HOLBERT") was a grown adult woman. The two were of extremely disproportionate size.

56. As a direct and proximate result of Defendant ("HOLBERT'S") actions, Plaintiff, ("J.Q."), suffered reasonable and actual apprehension of immediate bodily harm, emotional distress, fear, anxiety, and related injuries which continues to this day. As a result of Defendant ("HOLBERT'S") actions, ("J.Q.") required medical intervention for the laceration to her head.

57. Defendant ("HOLBERT'S") conduct was outrageous, unjustified, and undertaken in reckless disregard of Plaintiff, ("J.Q.'s") personal safety, especially considering the teacher-student relationship and Plaintiff ("J.Q.'s) status as a minor.

58. Plaintiffs also seek punitive damages against Defendant ("HOLBERT") due to the willful, wanton, and malicious nature of her conduct.

WHEREFORE, Plaintiffs now demand judgment against Defendants for all damages allowed under the law, including punitive damages, compensatory damages for physical and emotional harm, medical expenses, costs of this action, and any other relief this Court deems just and proper.

12

**COUNT IV**
**BATTERY**
***SURELIS MOQUETE individually and o/b/o*("J.Q."), *a Minor v. DAWNA KAY*
*HOLBERT***

59. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

60. On or about November 15, 2024, while Plaintiff, ("J.Q.") was present in a classroom Defendant ("HOLBERT") intentionally made physical contact with Plaintiff, ("J.Q.") by forcefully shoving Plaintiff, ("J.Q.").

61. The physical contact initiated by Defendant ("HOLBERT") was harmful and offensive in nature and was undertaken without Plaintiff, ("J.Q.'s) consent[2] and without any legal justification. Defendant ("HOLBERT") was fully aware that Plaintiff ("J.Q.") was a child whereas Defendant ("HOLBERT") was a grown adult woman. The two were of extremely disproportionate size.

62. As a direct and proximate result of the shove, Plaintiff, ("J.Q.") lost her balance and struck her head against a table, causing Plaintiff ("J.Q.") to suffer physical pain, injury, and emotional trauma which continues to this day. As a result of Defendant ("HOLBERT'S") actions, ("J.Q.") required medical intervention for the laceration to her head.

63. Defendant ("HOLBERT") intentional conduct constituted an unlawful battery under Pennsylvania law.

---

[2] ("J.Q.") could not have even consented if she did wish because of her minor status.

64. The battery was especially egregious due to the trust inherent in the teacher-student relationship, Plaintiff, ("J.Q.'s") status as a minor, and the educational context in which it occurred.

65. Plaintiff, ("J.Q.") has suffered and continues to suffer physical and emotional injuries, pain, suffering, anxiety, and mental anguish as a result of the battery.

66. Plaintiff, ("J.Q.") is entitled to compensatory damages in an amount to be proven at trial, as well as punitive damages for the willful and malicious nature of Defendant ("HOLBERT's") conduct.

WHEREFORE, Plaintiffs now demand judgment against Defendants for all damages allowed under the law, including punitive damages, compensatory damages for physical and emotional harm, medical expenses, costs of this action, and any other relief this Court deems just and proper.

## COUNT V
### Intentional Infliction of Emotional Distress (IIED)
### *SURELIS MOQUETE individually and o/b/o ("J.Q.") a Minor v. DAWNA KAY HOLBERT and HARRISBURG SCHOOL DISTRICT*

67. Plaintiffs ("J.Q.") and ("MOQUETE") hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

68. At all times relevant hereto, Defendant ("HOLBERT") was employed by Defendant ("DISTRICT") and was acting under color of state law and within the scope of their employment and/or agency.

14

69. While Plaintiff ("J.Q.") a minor, was present in a classroom or educational setting at Defendant, Harrisburg School District, Defendant ("HOLBERT") without justification or provocation, intentionally and forcefully shoved Plaintiff, ("J.Q.").

70. As a direct result of Defendant ("HOLBERT") actions, Plaintiff, ("J.Q.") lost her balance and Plaintiff, ("J.Q.") struck her head against a table, causing physical pain, injury, and emotional trauma.

71. Defendant ("HOLBERT") conduct was extreme and outrageous, exceeding all bounds of decency typically tolerated in a civilized society, particularly in the context of a teacher-student relationship, where the teacher occupies a position of authority and trust and even more so when the teacher-student relationship is between a kindergarten child and an adult teacher.

72. Defendant ("HOLBERT") intentionally or recklessly engaged in conduct with the knowledge that it was substantially certain to cause severe emotional distress to the Plaintiff, ("J.Q.") or acted with reckless disregard of the high probability that emotional distress would result.

73. Plaintiff, ("J.Q.") a minor, suffered severe emotional distress, including but not limited to anxiety, fear, trauma, mental anguish, and disruption of her academic and social development, as a direct and proximate result of Defendant's conduct.

74. Additionally, Defendant ("DISTRICT") had actual and constructive knowledge of prior similar misconduct by Defendant ("HOLBERT") and failed to take appropriate corrective action, and therefore is liable for permitting a dangerous condition to exist within its schools. Specifically, Defendant ("HOLBERT") was counseled and coached for her aggressive tone in the classroom.

75. Allowing such a teacher to remain in the classroom was extreme and outrageous, exceeding all bounds of decency typically tolerated in a civilized society. Society expects school districts to ensure the safety of students especially when they have actual knowledge of a danger presented by an employee.

76. Defendant ("DISTRICT") intentionally or recklessly engaged in conduct, allowing Defendant ("HOLBERT") to remain in her position, with the knowledge that it was substantially certain to cause severe emotional distress to the Plaintiff, ("J.Q.") or acted with reckless disregard of the high probability that emotional distress would result.

77. As a result of the Defendants ("DISTRICT") and ("HOLBERT") conduct, Plaintiff, ("J.Q.") is entitled to compensatory damages for pain and suffering, emotional distress, mental anguish, and other related harms in an amount to be determined at trial.

16

78. Furthermore, given the willful, wanton, and reckless nature of the conduct described above, Plaintiff, ("J.Q.") seeks punitive damages against Defendant ("HOLBERT").

WHEREFORE, Plaintiffs now demand judgment against Defendants for all damages allowed under the law, including compensatory damages for physical and emotional harm, medical expenses, costs of this action, and any other relief this Court deems just and proper.

### Count VI
### NEGLIGENT RETENTION
*SURELIS MOQUETE individually and o/b/o* **("J.Q.")** *a Minor v.*
*HARRISBURG SCHOOL DISTRICT*

79. Plaintiffs repeat and re-allege each and every allegation set forth in the preceding paragraphs of this Complaint as if set forth in full herein.

80. Defendant, ("DISTRICT") had a duty to use reasonable care to retain an employee who was competent and fit to perform the duties required as an employee. Defendant, ("DISTRICT") owed such duty to Plaintiff, ("J.Q.") and all other people who could have been harmed by the bus attendants negligent supervision of the students entrusted to her care.

81. Defendant ("DISTRICT") knew, or should have known, that Defendant ("HOLBERT") presented a danger to her students. Specifically, Defendant

17

("DISTRICT"), by admission of Jason Rawls[3], conducted coaching sessions and other remedial programming with Defendant ("HOLBERT") due to her conduct and tone in the classroom.

82. Defendant ("DISTRICT") had actual notice that Defendant ("HOLBERT") was not competent or fit for the duties required of her as an employee. Defendant, ("DISTRICT) breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position. Specifically, Defendant ("DISTRICT"):

    a. Failed to remove Defendant ("HOLBERT") from the classroom environment when they observed her hostile behaviors;

    b. Failed to follow-up to ensure coaching was effective to remedy ("HOLBERT's") behavior;

    c. Allowed Defendant ("HOLBERT") to have unsupervised contact with kindergarten students despite her preclivity for hostility and;

    d. Failed to adequately evaluate Defendant ("HOLBERT") on an ongoing basis to ensure a safe classroom environment.

83. As a direct result of Defendant ("DISTRICT") and ("HOLBERT") aforementioned negligence Plaintiff was injured as alleged and suffered damages as alleged.

---

[3] At all relevant times Rawls was the school administrator responsible for supervising Holbert.

18

84. As a direct and proximate result of the aforementioned breaches, Plaintiff

("J.Q.") suffered economic, consequential and special damages, in amounts to

be determined at trial.

WHEREFORE, Plaintiffs now demand judgment against Defendants for all damages

allowed under the law, including compensatory damages for physical and emotional

harm, medical expenses, costs of this action, and any other relief this Court deems

just and proper.


### JURY DEMAND

Plaintiff hereby demands a jury trial on all matters capable of being so tried.


Respectfully submitted,

**MONTGOMERY LAW**
1420 Locust Street, Suite 420
Philadelphia, PA 19102
(215) 650-7563
Email: kyle@educationlawyers.com
***Attorneys for Plaintiffs***

By:

Kyle Anthony Adams
PA Bar ID No. 332876


**Filed: June 26, 2025**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SURELIS MOQUETE individually and o/b/o JQ, a Minor,

*Plaintiffs,*

CIVIL ACTION NO. _____

v.

THE HARRISBURG SCHOOL DISTRICT
and; DAWNA KAY HOLBERT :

*Defendants.*

## **VERIFICATION**

I, SURELIS MOQUETE, hereby declare:

1. I am a Plaintiff in the above captioned matter.
2. I have read the Verified Complaint and I am familiar with the contents thereof.
3. I make this verification based upon my own personal knowledge and information.
4. I declare under penalties applicable to false statements under Pennsylvania law and Federal law that the statements in the foregoing Verified Complaint are true and accurate.

Executed on June __06 / 26 / 2025__, 2025.

*Surelis Moquete*
_____

Surelis Moquete

20